# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

VASILY DONTSOV,

       Petitioner,

    v.

WARDEN, FOLKSTON ICE PROCESSING
CENTER, et al.,

       Respondents.

5:26-cv-174

## ORDER

Petitioner filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Dkt. No. 1. Petitioner states he is a citizen of Russia who arrived in the United States in 2021 and has been in the custody of Immigration and Customs Enforcement ("ICE") since his arrest on November 13, 2025, for shoplifting offenses. Petitioner asserts that ICE did not set a bond and that he is unable to have an immigration judge review his custody based on the Board of Immigration Appeals's ("BIA") decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025). Id. at 5. Petitioner seeks his release from detention or a bond hearing. Id. at 29.

The Court directed service of the Petition and directed the Warden-Respondent to show cause why this Petitioner is not entitled to his requested relief. Dkt. No. 2. Respondent states that

Petitioner is being detained based on 8 U.S.C. § 1225(b)(2) and is subject to mandatory detention until the completion of removal proceedings. Dkt. No. 4 at 6. In the alternative, Respondent states Petitioner is being held based on 8 U.S.C. § 1226(c), which requires mandatory detention for an inadmissible person charged with shoplifting offenses, as Petitioner was. Id. at 6-7.

Petitioner has now filed an Emergency Motion for Immediate Release, or alternatively, for an Immediate Bond Hearing Before an Immigration Judge. Dkt. No. 6. Petitioner contends his shoplifting charges have been dismissed, so he is being detained based solely on § 1225(b)(2). Id. at 1. Petitioner also contends his continued detention for almost five (5) months without an individualized custody determination violates the Fifth Amendment. Id. at 2.

Respondent opposes Petitioner's Motion. Dkt. No. 7. Respondent withdraws his previously asserted argument regarding Petitioner's detention based on § 1226(c) due to the dismissal of the shoplifting charges against Petitioner, but Respondent asserts Petitioner's detention is still justified under § 1225(b)(2) because he was charged as an "arriving alien" when he sought admission to the United States in 2021. Id. at 1-2.

Upon review, the Court **DENIES** Petitioner's Emergency Motion. Dkt. No. 6. While Petitioner is no longer being held based on § 1226(c), Petitioner is still being detained under § 1225(b)(2)—

2

which he recognizes.  This statute carries with it a mandatory detention requirement.  I leave the matter for the Magistrate Judge to determine in the first instance whether Petitioner's continued detention based on § 1225(b)(2) without a bond determination hearing has become unconstitutionally prolonged and, if so, whether Petitioner is entitled to a bond hearing or other form of relief.

   **SO ORDERED**, this __14__ day of April, 2026.


                              _____
                              HON. LISA GODBEY WOOD, JUDGE
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF GEORGIA